UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

    Plaintiff,

Case No. 07-10085

v.

Honorable John Corbett O'Meara

MICHAEL STIEBER, MICHELLE
JACKSON-HORNES, JOHN RUBITSCHUN,
and PATRICIA CARUSO,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S JANUARY 17, 2007
MOTION FOR RECONSIDERATION; GRANTING
DEFENDANTS' JANUARY 18, 2007 MOTION TO CLARIFY; AND
<u>DISMISSING THE ACTION</u>**

This matter came before the court on plaintiff Scott Witzke's January 17, 2007 *pro se* motion for reconsideration of the court's January 17, 2007 order and Defendant's January 18, 2007 motion to clarify that order. Plaintiff filed a response to Defendant's motion January 22, 2007. No further oral argument has been heard since the court's January 11, 2007 hearing on Plaintiff's January 5, 2007 motions for temporary restraining order and preliminary injunction.

Plaintiff Witzke filed this action, along with a motion for temporary restraining order and preliminary injunction, for an order stopping Defendants from ordering him not to take medications prescribed by his doctor and ordering him into the M-COIT program. At the hearing on January 11, 2007, Defendants represented to the court that they would do neither of those things.

Plaintiff is currently a parolee in the state system. He concedes that shortly after being released from prison, he was noncompliant with his parole and was an absconder for two months. In fact, Witzke is currently in noncompliance with his conditions of parole. Defendants are willing

not to force him into the M-COIT program against his wishes; however, as a matter of law, Defendants are not only entitled, but obligated to supervise the conditions of Witzke's release from prison.

The State of Michigan's Department of Corrections Policy Directive on Prisoner/Parolee Grievances provides parolees like plaintiff Witzke with "an effective method of redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement [and parole]." Defendants' Ex. 2 at 1. Those procedures cannot be circumvented by simply filing a federal lawsuit claiming violations of due process when a full panoply of protections exist within the state parole system.

Plaintiff's two claims, that his parole officer had ordered him not to take medication previously prescribed by a medical doctor and that he was to be ordered into a mental health program not to his liking, have been rendered moot by the defendants' representations to the court. There is nothing left for this court to resolve; this matter will be dismissed.

The court advises Plaintiff that he is a state prison system parolee, and a noncompliant one at that. The court encourages him to remember: "You can't always get what you want. But if you try sometimes, you just might find, . . . you get what you need."[1]

## ORDER

It is hereby **ORDERED** that Plaintiff's January 17, 2007 emergency motion for reconsideration is **DENIED.**

It is further **ORDERED** that Defendants' January 18, 2007 motion to clarify order is **GRANTED.**

---

[1] Rolling Stones, *You Can't Always Get What You Want*, Let It Bleed (Decca Records 1969).

It is further **ORDERED** that this action is **DISMISSED.**

                                              s/John Corbett O'Meara  
                                              United States District Judge

Dated: January 23, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 23, 2007, by electronic or ordinary mail.

                                              s/William Barkholz  
                                              Case Manager